DEC 2 3 2009

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE THE MILLS CORPORATION SECURITIES LITIGATION ) ) ) This Document relates to: ) 1:06-cv-00077 (LO-TRJ) ) 1:06-cv-00247 (LO-TRJ) ) 1:06-cv-00265 (LO-TRJ) ) 1:06-cv-00304 (LO-TRJ) ) 1:06-cv-01446 (LO/TRJ) ) 1:07-cv-00296 (LO/TRJ) ) | CIVIL ACTION NO. 1:06-cv-00077 (LO-TRJ) |

## JUDGMENT AND ORDER APPROVING SETTLEMENT BETWEEN LEAD PLAINTIFFS AND THE KANAM DEFENDANTS

This matter came for hearing on November 19, 2009 (the "Settlement Hearing"), on the application of the Settling Parties to determine (i) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 11, 2009 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiffs against defendants KanAm Services, L.P., KanAm Management L.L.C., KanAm L.L.C., KanAm Providers, Inc., KanAm Realty, Inc., KanAm US, Inc., KanAm America, Inc., KanAm International GmbH and KanAm Grund Kapitalanlagegesellschaft mbH (collectively the "KanAm Defendants"), on behalf of themselves and for the benefit of the other Released Parties, in the Second Amended Class Action Complaint (the "Second Amended Complaint") now pending in this Court in the above-captioned consolidated class action (the "Action"), and should be approved; and (ii) whether judgment should be entered (a) dismissing the Second Amended Complaint on the merits, with prejudice and without costs, in favor of the KanAm Defendants and as against all persons or entities who are members of the Class herein who have not

requested exclusion therefrom, and (b) releasing the Settled Claims as against the KanAm Defendants and all other Released Parties. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, as shown by the records of Mills' transfer agent, at the respective addresses set forth in such records, who purchased or otherwise acquired publicly traded common stock and/or preferred stock of Mills during the period from February 27, 2001 through August 10, 2006, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over the *PR Newswire* pursuant to the specifications of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  This Judgment hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.  The Court finds, for purposes of the Settlement only, that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Lead Counsel have and will fairly and adequately represent the interests of

the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court finally certifies for purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this action as a class action on behalf of all persons who purchased or otherwise acquired Mills' publicly traded common stock and/or preferred stock during the period from February 27, 2001 through August 10, 2006 and who were damaged thereby. Excluded from the Class are: (a) Defendants and all persons and entities who (i) during the Class Period, were Defendants' officers, directors and partners or members of Defendants' immediate families or controlled by a Defendant or (ii) at any time, were Defendants' legal representatives, heirs, successors or assigns and assert a claim on the Settlement Fund based on a Defendant's purchase or other acquisition of Mills' publicly traded common stock or preferred stock; and (b) persons who purchased and sold all of their Mills securities before the close of the market on October 31, 2005. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, this Court hereby finally certifies Lead Plaintiffs and additional named plaintiffs C. Bickley Foster, Frederic Elliott and Vernon E. Rudolph as Class Representatives, and finally certifies the law firms of Bernstein Litowitz Berger & Grossmann LLP and Barrack, Rodos & Bacine as Class Counsel.

6. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The

form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Notice and the Order for Notice and Hearing, are bound by this Judgment.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class Members, including Lead Plaintiffs. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's length negotiations between experienced counsel representing the interests of the Settling Parties, and that it was negotiated under the supervision of institutional investor Lead Plaintiffs on the Plaintiffs' side and with the assistance of an experienced mediator.

Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Second Amended Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information and other investigation conducted by Lead Counsel, is hereby dismissed with prejudice, as against the KanAm Defendants, and without costs except for the payments expressly provided for in the Stipulation.

10. Upon the Effective Date, each Lead Plaintiff and Class Member, on behalf of themselves, their heirs, executors, administrators, insurers, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, (a) shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Settled Claims against the Released Parties; (b) shall forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Claims against any of the Released Parties, and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Settled Claim or any matter related thereto.

11. Upon the Effective Date, the KanAm Defendants, on behalf of themselves and all other Released Parties, their heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the KanAm Claims, and shall forever be enjoined from commencing, instituting or prosecuting any

or all of the KanAm Claims against any of the Lead Plaintiffs, any other Class Members and Plaintiffs' Counsel.

12. Upon the Effective Date:

a. The Court permanently bars, enjoins and restrains any and all claims for contribution, or any indemnity claim or any other claim, however styled, where the injury to the claiming party is the claiming party's purported liability to the Class or any Class Member, arising out of, relating to or based upon the claims, allegations, transactions, facts, matters or occurrences, representations or omissions, involved, set forth, or referred to in the Complaint, the Amended Complaint, the Second Amended Complaint or any subsequent amendment thereto (including but not limited to the Settled Claims), whether arising under state, federal or foreign statutory or common-law rule, asserted as claims, cross-claims, counterclaims, or third-party claims, in this Action, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other domestic or foreign forum (i) by any person or entity against any of the Released Parties and (ii) by any of the Released Parties against any person or entity. Any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity whose claims are barred pursuant to the foregoing, apart from the Released Parties, shall be reduced by the greater of (i) the total Settlement Amount or (ii) an amount that corresponds to the percentage of responsibility of the Released Parties as determined at trial; and

b. The Court permanently bars, enjoins and restrains all Released Parties from commencing, instituting or prosecuting any or all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs expenses or liability whatsoever),

except for claims to enforce the Stipulation and Settlement, against any of the Lead Plaintiffs, Class Members or Plaintiffs' Counsel, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by the Released Parties or any of them or the successors and assigns of any of them, that arise from or relate to the institution, prosecution, or settlement of the Action through the Effective Date (except for claims to enforce the Stipulation and Settlement).

13.     Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein:

a.     shall be offered or received against the KanAm Defendants or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the KanAm Defendants or any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against the KanAm Defendants or any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of the KanAm Defendants or any of the Released Parties;

b.     shall be offered or received against the KanAm Defendants or any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the

7

Defendants or Former Defendants, or against the Lead Plaintiffs or any Class Members as evidence of any infirmity in the claims of Lead Plaintiffs or the other Class Members;

    c.    shall be offered or received against the KanAm Defendants or any of the Released Parties, or against the Lead Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against the KanAm Defendants or any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the KanAm Defendants or any Released Party may refer to the Stipulation and Judgment to effectuate the protection from liability granted them thereunder;

    d.    shall be construed against the KanAm Defendants or any of the Released Parties, or against Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; or

    e.    shall be construed against Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint, Amended Complaint or Second Amended Complaint would not have exceeded the Settlement Amount.

    14.    The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over (a) implementation and enforcement of this Settlement; (b) approving a plan of allocation; (c) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining Lead Counsel's application for attorneys' fees,

costs, interest and expenses, including fees and costs of experts and/or consultants, and the award of reasonable costs and expenses (including lost wages) directly related to the representation of the Class to Lead Plaintiffs serving on the behalf of the Class; (f) enforcing and administering this Judgment; (g) enforcing and administering the Stipulation including any releases executed in connection therewith; and (h) other matters related or ancillary to the foregoing.

15. Neither the KanAm Defendants nor any other Released Party shall have any obligation to make or cause to be made any payment into the Escrow Account except as specifically provided in Paragraph 8 of the Stipulation.

16. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17. Separate orders shall be entered regarding approval of a plan of allocation and the application Lead Counsel has made for attorneys' fees and reimbursement of Litigation Expenses. Such orders shall not disturb or affect any of the terms of this Judgment.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to May 11, 2009; and (c) any portion of the Settlement Amount previously paid or caused to be paid by the KanAm Defendants into the Escrow Account, including, but not limited to, any

funds disbursed in payment of Litigation Expenses and attorneys' fees, together with any interest earned or appreciation thereon, less any Taxes paid or due with respect to such interest income and/or appreciation, shall be returned by the Escrow Agent to the KanAm Defendants or their designee(s), as appropriate, within ten (10) business days after written notification of such event by the KanAm Defendants to the Lead Counsel, all as specified in Paragraph 35 of the Stipulation.

19. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: Alexandria, VA
Dec 23, 2009

/s/
HONORABLE LIAM O'GRADY
UNITED STATES DISTRICT JUDGE

## Exhibit 1

The following persons are excluded from the Class, but the Court makes no finding with respect to whether the persons requesting exclusion otherwise would qualify as members of the Class:

Robert W. Irvine & Marvel A. Irvine Trust, c/o Robert W. Irvine & Marvel A. Irvine TTEE

The Mills Family Trust, c/o Forrest E. Mills S. & Lorene N. Mills TTEE

Edwin A. Silver & Elaine B. Silver

Hans Tischler

Beatrix Zach

David Zach

Julie Zach

Helen de Alto & Monique de Alto, Joint Tenants